Van Campen v. Ribble et al.

*Return affirmed.*

VAN CAMPEN v. RIBBLE ET AL.

*Certiorari* to Common Pleas of Warren County, on matter of Appeal.

The Court of Common Pleas, upon satisfactory proof of the loss of the proper affidavit, to obtain an appeal, and that it was sent up with the appeal papers, may permit a new affidavit to be substituted in its place.

The affidavit for the purpose of obtaining an appeal, if made by one or more of the appellants, is sufficient. It is not requisite that all should join in it.

The plaintiff in *Certiorari*, was plaintiff below. On the trial before the justice, he obtained a verdict and judgment. The defendants appealed: the plaintiff moved to dismiss the appeal on the ground that no affidavit was on file, to warrant an appeal, as required by law; *Elm. Dig.* 291, *sect.* 6. This motion, the court refused, and permitted the appellants to make and file a new

affidavit upon proof made before the court, that an affidavit pursuant to the statute, had been regularly made and filed with the justice, at the time of filing with him the appeal bond ; and that the same had been lost, since it had been returned by the justice with the appeal bond and transcript, to the court of Common Pleas.    The new affidavit was made by two only, of the four defendants in the cause.    The appeal was tried, and the judgment reversed.

*S. R. Hamilton,* for the plaintiff in *Certiorari,* insisted ; First, That the court of Common Pleas, erred, in permitting a new affidavit to be put on file : Second, That an affidavit made by two only of the appellants, was not sufficient.

HORNBLOWER, C. J., delivered the opinion of the court.

These objections are not well taken.    It is true, the Common Pleas had no jurisdiction of the appeal, unless an affidavit pursuant to the statute had been made and filed with the justice, and sent up by him with the other papers in the cause.    But this had been done ; and the court upon legal and satisfactory evidence of that fact, and that the affidavit had since been lost or destroyed, did right in permitting a new one to be substituted in its place. Nor was it necessary that all four of the appellants should join in the affidavit.    If made by one or more of them, it was sufficient.    The statute says, " the *party* demanding an appeal, shall file with the justice, an affidavit made, by the said party " &c. The word " party " it is true, comprehends all the persons, who are plaintiffs or defendants in a cause ; and a literal compliance with it, might require all the appellants to unite in one affidavit. But this would be an unreasonably strict construction.    The object of the statute is to prevent vexatious and dilatory appeals ; and this is sufficiently guarded against, by requiring the affidavit of any one of several appellants.    It would not only be extremely inconvenient, but sometimes impossible to get all the appellants congregated for the purpose of making the necessary affidavit.    In 2 *Green's R.* 440, we held that the affidavit of the President of a Corporation, was sufficient to sustain an appeal by the Corporation : and appeal and *Certiorari* bonds, although

required by statute, to be entered into by the " party," have always been held sufficient if executed by third persons, as sureties for the parties.

All the judges concurred.

*Judgment affirmed.*